ORIGINAL

Of Counsel:
CRONIN, FRIED, SEKIYA,
KEKINA & FAIRBANKS

L. RICHARD FRIED, JR.  764-0
JOHN D. THOMAS, JR.   1415-0
GEOFFREY K. S. KOMEYA 6056-0
600 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-1433
Facsimile:  (808) 536-2073
E-mail:  cfskf@croninfried.com

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 23 2011

at 10 o'clock and 15 min. __ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CV11  00579 LEK RLP

| | |
|---|---|
| BRIAN P. NATZKE, Individually and as Personal Representative of the Estate of ANN J. NATZKE, Deceased, VIRGINIA J. ARNOLD and JOHN W. ARNOLD,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | CIVIL NO. _____<br>(FTCA - Medical Malpractice)<br><br>COMPLAINT; SUMMONS |

COMPLAINT

Plaintiffs above named, by and through their attorneys, Cronin, Fried, Sekiya, Kekina & Fairbanks, for claims for relief against Defendant above named, allege and aver as follows:

COUNT I

1.   At all times relevant herein, plaintiff Brian P. Natzke (hereinafter "Mr. Natzke"), Individually and as Personal Representative of the Estate of Ann J. Natzke, deceased (hereinafter "Ms. Natzke"), was domiciled in and a citizen of the City and County of Honolulu, State of Hawaii.  At all times relevant herein, plaintiffs Virginia J. Arnold and John W. Arnold (hereinafter "Mrs. Arnold" and "Mr. Arnold") were domiciled in and citizens of the State of Florida.

2.   Mr. Natzke is the surviving spouse of Ms. Natzke and is the duly appointed Personal Representative of the Estate of Ann J. Natzke, deceased (hereinafter the "Estate").  He brings this action

2

individually and on behalf of the Estate, as the Estate's duly appointed Personal Representative.

3.   Ms. Natzke was the natural and legal child of Mr. and Mrs. Arnold, who are husband and wife.

4.   This is a medical malpractice and personal injury action to recover damages which arise from negligent acts and/or omissions of employees of the Government of the United States of America, while acting within the scope of their office and/or employment, under circumstances where the Government of the United States of America, if a private party, would be liable to plaintiffs.

5.   Jurisdiction is conferred on this Court by Title 28, United States Code § 1346.

6.   Pursuant to Title 28, United States Code, §§ 2671, et seq., administrative claims on behalf of plaintiffs were filed on or about February 18, 2011 with the Department of the Navy and received by the Department of the Navy on or about February 26, 2011. The Department of the Navy issued its denial of said

3

claims by letter dated September 16, 2011 received by plaintiffs' attorneys on September 19, 2011.

7.   At all times relevant herein, Defendant United States of America (hereinafter "Defendant") operated a medical care facility in the City and County of Honolulu, State of Hawaii, known as the Pearl Harbor Makalapa Urgent Care Walk In Clinic (hereinafter the "Clinic"), through the Department of the Navy.

8.   On September 17, 2010 Ms. Natzke presented to the Clinic reporting a three-day history of severe aching frontal headache, nausea and vomiting, anorexia, and dizziness with change of position.  Ms. Natzke reported that the headache was worse when moving her head, when bending over, with exertion, with light and with noise.

9.   Clinic physician Dr. Arlene Koizumi evaluated Ms. Natzke and failed to properly consider potential morbid diagnoses.  Instead, despite no history of migraines or report of characteristic migraine aura,

4

Dr. Koizumi nonetheless diagnosed migraine.  Dr. Koizumi failed to order and obtain a brain CT scan, consult with a neurologist concerning the unusual symptoms, and/or failed to send Ms. Natzke to Tripler Army Medical Center Emergency Department for a brain CT and more thorough evaluation.

10. Ms. Natzke was discharged home from the Clinic at 10:02 a.m. on September 17, 2010 with a prescription for migraine medication (Zomig) and anti-nausea medication (Promethiazine).  She was instructed to simply "follow up as needed with PCM."

11. Ms. Natzke's husband, Mr. Natzke, filled the prescriptions, which Ms. Natzke dutifully took as instructed throughout the day and evening of September 17, 2010.

12. The morning of September 18, 2010, Mr. Natzke found his wife, Mrs. Natzke, dead.

13. Autopsy revealed that Ms. Natzke suffered from a benign colloid cyst in the brain's third ventricle

which blocked the flow of cerebrospinal fluid, causing her brain to swell, resulting in her ultimate agonal death.

14. Colloid cysts typically occur in young adults, are characteristically found in the third ventricle, and are easily identified with a simple non-contrast CT.

15. When cysts cause symptoms, as in Ms. Natzke's case, they are surgically removed, and patients do well.  Ms. Natzke's death could have been prevented with a simple non-contrast CT.

16. Defendant, by and through its agents, servants and employees, negligently examined, evaluated, tested, diagnosed, cared for and otherwise negligently treated Ms. Natzke.

17. As a direct and legal and/or proximate cause of the carelessness, negligence, actions and omissions of Defendant as aforesaid, Ms. Natzke died on September 18, 2010.

18. As a further direct and legal and/or proximate cause of the carelessness, negligence, actions and omissions of Defendant as aforesaid, Ms. Natzke suffered great physical pain, suffering, discomfort, emotional injuries and distress, and mental anguish; and her Estate is entitled to recover damages therefor as provided in Hawaii Revised Statutes (hereinafter "H.R.S.") § 663-7.

19. As a further direct and legal and/or proximate cause of the carelessness, negligence, actions and omissions of Defendant as aforesaid, Ms. Natzke suffered permanent loss of enjoyment of life and the inability to pursue normal activities of life; and her Estate is entitled to recover damages therefor as provided in H.R.S. § 663-7.

20. As a further direct and legal and/or proximate cause of the carelessness, negligence, actions and omissions of Defendant as aforesaid, plaintiffs have incurred medical and miscellaneous expenses in amounts not presently ascertainable, and

decedent's Estate has been compelled to and did make
and incur various costs and expenses for medical,
funeral and burial expenses, in such amounts as shall
be shown at the time of trial; and decedent's Estate is
thereby entitled to recover damages as provided in
H.R.S. § 663-3.

21. As a further direct and legal and/or
proximate cause of the carelessness, negligence,
actions and omissions of Defendant as aforesaid, Ms.
Natzke's Estate has incurred loss of future excess
earnings; and decedent's Estate is thereby entitled to
recover damages as provided in H.R.S. § 663-8.

22. As a further direct and legal and/or
proximate cause of the carelessness, negligence,
actions and omissions of Defendant as aforesaid,
plaintiffs Mr. Natzke, individually, as the surviving
husband, Mrs. Arnold and Mr. Arnold, as mother and
father, respectively, of Ms. Natzke, have suffered, and
will continue to suffer in the future, pecuniary
injury, loss of financial support, loss of love and

affection, society, companionship, comfort, consortium, protection, spousal and filial care and attention, advice, counsel, loss of spousal and filial care, training, guidance and education, and other benefits of their wife and daughter, respectively, for which said plaintiffs are entitled to recover damages as provided in H.R.S. § 663-3; and in addition, have suffered and continue to suffer serious mental anguish and emotional distress and have been permanently injured, and said plaintiffs are also entitled to recover damages therefor.

<u>COUNT II</u>

23. The allegations contained in paragraphs 1 through 22 are realleged and incorporated herein by reference.

24. At all times relevant herein, the employees, agents, servants and representatives of the Clinic who examined, diagnosed, cared for and treated Ms. Natzke were acting within the course and scope of their employment, agency and service with the Clinic

9

and therefore with Defendant; and, therefore, Defendant
is liable to plaintiffs for the tortious conduct of the
above-mentioned employees, agents, servants and
representatives as set forth in this Complaint under
the doctrine of respondeat superior and/or agency
principles.

COUNT III

25. The allegations contained in paragraphs 1
through 24 are realleged and incorporated herein by
reference.

26. At all times relevant herein, the Clinic
and its employees, agents, servants and representatives
did hold itself and its health care provider employees,
agents, servants and representatives out to members of
the general public and to plaintiffs as possessing that
degree of care and skill ordinarily possessed and
exercised by like health care providers, employees,
agents, servants and representatives.

27. At all times relevant herein, the Clinic
impliedly and/or expressly warranted to plaintiffs that

10

it and its employees, servants, agents and
representatives would provide competent care and
appropriate treatments and/or services.

28. The Clinic breached its warranties to
plaintiffs.

29. As a direct and legal and/or proximate
result of the Clinic's breaches of warranties,
plaintiffs have suffered, and will continue to suffer,
the injuries and damages as set forth herein.

WHEREFORE, plaintiffs demand judgment against
Defendant as follows:

a. For general and special damages in amounts
   that will be proven at trial; and
   plaintiffs further state that the amount
   of their damages as asserted herein falls
   within the jurisdictional requirements of
   this Court;

b. Interest as allowed by law;

c. Plaintiffs' costs of suit and attorneys'
   fees; and

11

d.   Such other and further relief as this

Court deems just and proper.

DATED:   Honolulu, Hawaii, September 23, 2011.

_____
L. RICHARD FRIED, JR.
JOHN D. THOMAS, JR.
GEOFFREY K. S. KOMEYA
Attorneys for Plaintiffs